UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK C. RACITI, DARLYNE A. RACITI,
individually and on behalf of all others similarly
situated,

Plaintiffs,

-against-                                    **CLASS ACTION COMPLAINT**

RUSHMORE LOAN
MANAGEMENT SERVICES, LLC,

**Docket No**.: 18cv14869
Jury Trial Demanded:  Yes

Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiffs FRANK C. RACITI and DARLYNE A. RACITI (known hereinafter as "Plaintiffs"), New Jersey residents, by and through their counsel, The Tariq Law Firm P.L.L.C., and Dunlap Bennett & Ludwig bring these claims against Defendant RUSHMORE LOAN MANAGEMENT SERVICES, LLC (known hereinafter as "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure and 15 U.S. Code § 1691e(a), respectfully set forth and allege the following based upon information and belief:

## PRELIMINARY STATEMENT

This is an action for damages, declaratory and injunctive relief, brought by Plaintiffs on behalf of themselves and other similarly situated consumers.  Plaintiffs seek damages, costs and attorneys' fees, and a declaratory judgment from Defendant.

**PARTIES IN THE COMPLAINT**

1.      Plaintiffs are residents of New Jersey, where this action arose.  Plaintiffs are natural persons and consumers under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay a debt. 15 U.S.C. § 1692a(3).

2.      Plaintiffs are also consumers under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (the FCRA). The FCRA defines a "consumer" simply as "an individual." 15 U.S.C. § 1681a(c).

3.      Defendant Rushmore Loan Management Services, LLC is a residential mortgage servicer with its principle places of business in Irvine, California, Dallas, Texas, and San Juan, Puerto Rico. Defendant is a debt collector under the FDCPA. The statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails… [and] who regularly collects or attempts to collect…debts owed or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

4.      Defendant has contacted Plaintiffs through the U.S. mail on at least two separate occasions seeking to collect on a mortgage debt originally owed to Capital One, N.A.

5.      Capital One, N.A. is a bank and a creditor under the FDCPA, and although not a party to this Complaint, played a vital role in the circumstances through which the current dispute arises. A "creditor" is defined by the FDCPA as "any person who offers or extends credit creating a debt or to whom a dent is owed." 15 U.S.C. § 1692a(4).

**JURISDICTION**

6.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1691e(f), and pursuant to 28 U.S.C. § 1367 for any pendent state law claims, which are predicated upon the same facts and

circumstances that give rise to the federal causes of action.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in this District.

7.      This action arises out of the Defendants' violations of the FDCPA, 15 U.S.C. § 1692e(2)(A) for misrepresentation of the legal status of a debt. This action also arises out of § 1692f based on Defendant's unfair and deceptive actions taken for the purpose of collecting an allegedly owed debt. Lastly, this action arises out of Defendant's willful violation of a court order under 18 U.S.C. § 401.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because the Defendant conducts business in and can be found in this district, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

<u>**CLASS ACTION ALLEGATIONS**</u>

9.      Plaintiffs bring this action as a class action on their own behalf and on behalf of all other similarly-situated consumers in the United States who filed a bankruptcy in a United States Bankruptcy Court, surrendered their home in the bankruptcy proceedings, obtained a discharge, and after they received the discharge, received communications, including billing statements, related to the discharged debt from or on behalf of Defendant on or after September 5, 2017 (the "Class").

10.     Plaintiff also represents and is a member of a subclass (the "FCRA Subclass"), consisting of all individuals in the United States in the Class outlined above, who also were subject to credit inquiries from Defendant when Defendant had no legitimate or permissible purpose for making a credit inquiry.

*Numerosity*

11.     The class is so numerous that joinder of all members is impracticable.  Plaintiff estimates the Class has at least 500 members.

*Commonality*

12.     There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the Bankruptcy Court's order under 11 U.S.C. § 105(a) and by doing so, violated the FDCPA; (2) whether Defendant violated the FCRA by making credit inquiries without a permissible purpose; and (3) whether the Court should enter a Declaratory Judgment finding that Defendant violated the FDCPA and the discharge as well as order and enjoin Defendant from billing individuals who have obtained a discharge and disgorge any such ill-gotten gains.  Also, all of the Class members reside in the United States and received the same or substantially similar communications from Defendant as described below.

*Typicality*

13.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class.

*Adequacy of Class Representation*

14.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

*Predominance of Common Questions*

15.     The common questions set forth in Paragraph 12 predominate over any individual issues.

*Superiority of Class Resolution*

16.     A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein.   Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

17.     A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

18.     Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

19.     Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

20.     Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

## FACTUAL ALLEGATIONS

21.     Plaintiffs repeat, reiterate, and incorporate the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if set forth at length herein.

22.     In 2014, Plaintiffs filed for bankruptcy listing Capital One, N.A. as a creditor holding a secured claim.  Case No. 14-bk-20343-MBK.  *See* **Exhibit A**. The nature of the claim was listed as a third mortgage on a home located at 61 Readington Road, Whitehouse Station, NJ, the value of which was listed as $275,000.00. *Id*.  The mortgage was a debt owed jointly by Plaintiffs and the property was surrendered and vacated by Plaintiffs shortly after the time of their bankruptcy filing.

23.     The debt at issue is a consumer debt because it was incurred primarily for personal, family, or household purposes.

24.     On September 17, 2015, the United States Bankruptcy Court for the District of New Jersey ordered that Plaintiffs were entitled to a discharge of their debts. *See* **Exhibit B**.

25.     On November 14, 2017, long after Plaintiffs had vacated the home, Plaintiffs received a notice (attached herein as **Exhibit C**) from Capital One, N.A. informing them that "effective December 1, 2017, the servicing of your home loan is being assigned, sold, or transferred from Capital One, N.A., to Rushmore Loan Management. This means after that date, Rushmore Loan Management will be servicing your loan, including collecting payments from you." *See* **Exhibit C**.

26.     The notice from Capital One, N.A. also contains contact information for Rushmore Loan Management Services. *Id*.

27.     On November 22, 2017, Plaintiffs received a notice of assignment from Defendant. *See* **Exhibit D**. The notice states "you are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned sold or transferred from Capital One, N.A. to Rushmore Loan Management Services LLC (Rushmore), effective 12/01/2017." *Id*.

28.     The notice of assignment also states that "the date that Rushmore will begin accepting payments from you is 12/01/2017. Send all payments due on or after that due date to your new servicer. A billing statement from Rushmore will be mailed to you within 15 to 30 days." *Id*.

29.     Defendant's notice of assignment also provides contact information through which Plaintiffs were informed they would be able to contact Defendant regarding the transfer of their mortgage servicing. *Id*. The notice does not include any disclaimer regarding the status of a consumer's debt subsequent to a bankruptcy proceeding. *Id*.

30.     On December 21, 2017, Plaintiffs received a second notice letter from Defendant. *See* **Exhibit E**. The letter states that "according to Rushmore Loan Management services LLC records, including information that we have received from your prior servicer, the amount of your debt as of 12/01/2017 is provided below." *Id.* The amount of debt listed on the notice is $28,942.00. *Id.*

31.     Defendant's second letter also provides that Plaintiffs' current monthly payment amount is $220.02 and that their payment became due on June 25, 2014. *Id*. Any attempt for Defendant to provide a disclaimer regarding bankruptcy is overshadowed by the totality of Defendant's collection efforts and would not assist a least sophisticated consumer.

32.     On January 17, 2018, Plaintiff Frank Raciti was contacted by Defendant via telephone. At that time, Mr. Raciti was asked to verify that he had recently made a payment of $900.00 toward the loan at issue that had been previously discharged in bankruptcy. Plaintiff informed Defendant that he had not made any payments and that he no longer had an attachment to the mortgaged property associated with that loan.

33.     Defendant acted deceptively by attempting to lead Plaintiff to admit that he had made a payment toward the loan. Making such an admission would imply that Plaintiff believed that he was still legally obligated to make payments, which was no longer the case after his bankruptcy proceeding and discharge order.

34.     On May 29, 2018, after informing Defendant that they no longer had attachments to the mortgaged property, Plaintiffs received a third notice from Defendant regarding the mortgage loan that had been discharged in bankruptcy. *See* **Exhibit F**. The letter is a home equity line of credit statement for the billing period of May 1, 2018 through May 29, 2018. *Id*. The statement notes that a minimum payment of $9,773.18 was due on June 25, 2018. *Id*. Any attempt for

Defendant to provide a disclaimer regarding bankruptcy is overshadowed by the collection efforts and would not assist a least sophisticated consumer.

35.    On May 30, 2018, Plaintiffs received a fourth letter from Defendant. *See* **Exhibit G**. In this forth letter, Defendant informs Plaintiffs that they are responsible for paying the delinquency property tax against the property securing the referenced loan. *Id*. The loan to which the letter refers is the mortgage that had been discharged in bankruptcy in 2015. *See* **Exhibit B**.

36.    The fourth letter from Defendant states that "you are required to pay the delinquent property tax and all penalties and interest assessed by the tax collector." *See* **Exhibit G**. It also states "failure to provide adequate proof of payment within 15 days from the date on this letter may result in the establishment of an escrow account on your behalf and an increase in your monthly mortgage payment." *Id*. Unlike Defendant's previous correspondence, this letter does not include a disclaimer regarding the possibility of Plaintiffs having undergone bankruptcy proceedings. *Id*.

37.    On or around June 11, 2018, Plaintiff Mr. Raciti accessed a copy of his credit report. *See* **Exhibit H**. The report revealed that Defendant had made inquiries into Plaintiff's credit information on two occasions. *Id*. These requests were made on December 21, 2017 and March 28, 2018. The purpose of the requests is listed on his report as "account review." *Id*.

38.    The inquiries into Plaintiffs' credit information qualify as "consumer reports" under the FCRA, as they are an example of "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit." 15 U.S.C. § 1681a(d).

39.    On July 25, 2018, Plaintiff sent a dispute letter to TransUnion stating that he had reviewed his credit report and found unauthorized credit pulls by Defendant. *See* **Exhibit I**.

Plaintiff's notice demanded that TransUnion immediately remove the impermissible pulls from his credit report.

40.  TransUnion responded to Plaintiff's dispute in a notice dated August 1, 2018.  **_See_ Exhibit J**. The notice states "if you believe that an inquiry on your credit report was made without permissible purpose, then you may wish to contact the creditor [Defendant] directly." _Id_.

41.  In addition to sending notices to Plaintiff, Defendant has also attempted to contact him via telephone on more than one occasion for purposes of collecting on the previously discharged debt. On July 30, 2018 for example, a representative of Defendant named Gabriel left Plaintiff a voicemail requesting that he return his call, and that he would need to speak with him "as soon as possible."

## FIRST CAUSE OF ACTION

### FALSE REPRESENTATION OF THE LEGAL STATUS OF A DEBT
### 15 U.S.C. § 1692e(2)(A)

42.  Plaintiffs incorporate by reference paragraphs 1 through 41 of this Complaint as if fully restated herein.

43.  Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

44.  Further, the intent of passing the Act was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e).

45.  Plaintiffs who succeed in FDCPA claims against debt collector defendants are entitled to actual damages, statutory damages up to $1000.00 and attorney's fees. § 1692k.

46.     Under the FDCPA it is unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. This includes the false representation of "the character, amount, or legal status of any debt." § 1692e(2)(A).

47.     Here, Defendant has misrepresented the legal status of Plaintiffs' debt by seeking to collect payments on a debt that had been discharged in bankruptcy.  Defendant has contacted Plaintiffs on numerous occasions and has sent them correspondence containing a minimum payment amount and due date.

48.     The effect of a discharged debt following a bankruptcy proceeding is clear under the United States Bankruptcy Code. 11 U.S.C. § 524. The code states that a discharge "operates as an injunction against the commencement or continuation of an action the employment of process or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." § 524(a)(2).

49.     A representation that is false on its face is a clear violation of § 1692e. Here, Defendant has misrepresented to Plaintiffs that their discharged debt could still be collected.  Defendants inclusion of a disclaimer concerning consumers in bankruptcy does not negate the fact that its dunning letter violates the FDCPA because the disclaimer's language places the burden on a consumer to determine whether they qualify from exclusion of the collection language that overshadows the disclaimer and dominates the overall message of the correspondence.

50.     Defendant's statement provided Plaintiffs with a minimum payment amount and due date by which payment was to be made. *Id*. Not only did Defendant misrepresent the legal status of

Plaintiffs' discharged debt, but they also presented Plaintiffs with contradictory statements which were clearly deceptive.

51.     As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

52.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

        WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request this Court enter a judgment in Plaintiffs' favor finding that Defendant has violated the FDCPA; awarding Plaintiffs actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## SECOND CAUSE OF ACTION
### USE OF DECEPTIVE MEANS TO COLLECT DEBT
### 15 U.S.C. § 1692e(10)

53.     Plaintiffs incorporate by reference paragraphs 1 through 52 of this Complaint as if fully restated herein.

54.     Here, the communications from Defendant to Plaintiffs are deceptive regarding a consumer's rights after a bankruptcy discharge.

55.     Defendant clearly violated § 1692e by sending Plaintiffs notices, on at least two occasions, containing language intended to deceive consumers into making payments on a discharged debt.

56.     As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. §

1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

57.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request this Court enter a judgment in Plaintiffs' favor finding that Defendant has violated the FDCPA; awarding Plaintiffs actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

### THIRD CAUSE OF ACTION
### USE OF UNFAIR AND UNCONSCIONABLE MEANS TO COLLECT DEBT
### 15 U.S.C. § 1692f

58.     Plaintiffs incorporate by reference paragraphs 1 through 57 of this Complaint as if fully restated herein.

59.     Under the FDCPA it is unlawful for a debt collector to "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. While § 1692f lists several actions that can be considered unfair or unconscionable, it does so "without limiting the general application of the foregoing." § 1692f.

60.     The actions taken by Defendant clearly fit into the broad plain meaning definition of "unfair" that courts have relied on when interpreting claims under § 1692f. Defendant sent a statement notice to Plaintiffs informing them that they were required to pay a debt that they were no longer obligated to pay.

61.     By giving Plaintiffs the impression that a debt must be paid despite being discharged in bankruptcy, Defendant's action fits into this understanding of an unfair debt collection practice.

It is a means of pressuring the consumers into paying a debt that they are no longer obligated to pay while misleading them into believing otherwise.

62.    Defendant also acted deceptively when asking Plaintiff to verify a payment that he had allegedly paid toward his discharged loan when no such payment existed. Defendant did so as a means of forcing Plaintiff to admit that his debt was still owed and that he was still legally obligated to make payments.

63.    Defendant's actions were deceptive in that Defendant intentionally sought to mislead Plaintiff into admitting that the debt at issue was owed, although it had been discharged. Defendant took this action with the knowledge that, had Plaintiff admitted to owing the debt and having made payments, he would have become legally obligated to continue paying.

64.    As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

65.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request this Court enter a judgment in Plaintiffs' favor finding that Defendant has violated the FDCPA; awarding Plaintiffs actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## FOURTH CAUSE OF ACTION
## IMPERMISSIBLE PULL OF CONSUMER REPORT
### (as to Mr. Raciti)
### 15 U.S.C. § 1681b

66.     Plaintiffs incorporate by reference paragraphs 1 through 65 of this Complaint as if fully restated herein.

67.     Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("the FCRA") "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax v. Fed. Trade Comm'n.* 678 F.2d 1047, 1048 (11th Cir. 1982).

68.     The FCRA creates civil liability for any individual that is willfully noncompliant with its requirements. § 1681n. An individual who willfully violates the act with respect to a consumer becomes liable to the consumer for actual damages, statutory damages up to $1000.00, punitive damages, and attorney's fees as the court finds appropriate. § 1681n(a).

69.     In order to protect consumers from abusive and frivolous pulls on their credit information, the FCRA outlines several instances within which permissible consumer reports may be made. Accordingly, "any consumer reporting agency may furnish a consumer report under the [enumerated] circumstances and no other." § 1681b(a). The list of permissible purposes for consumer reports are to respond to a court order, to comply with a consumer's written instructions, to review credit as a person who is engaging in a transaction with the consumer or determining his eligibility to receive credit, or to serve a legitimate business need. *Id.*

70.     Here, Defendant made two separate inquiries into Plaintiff Mr. Raciti's credit information on December 21, 2017 and March 28, 2018. *See* **Exhibit H**. The reason listed for these credit reports was "account review." *Id.*

71.     These pulls on Plaintiff's credit information qualify as consumer reports under the FCRA. § 1681a(d). Consumer reports are defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity," etc. *Id*. This purpose of Plaintiff's credit information is not included as one of the permissible purposes listed in the FCRA. § 1681b.

72.     Defendant did not have the written permission of Plaintiff Mr. Raciti to perform an inquiry into his credit information. Defendant also did not have the authority to perform a pull of Mr. Raciti's credit information because they were not engaging in a transaction with Plaintiffs or determining their eligibility to receive credit. Defendant also did not have a legitimate business need to conduct an inquiry into Plaintiff's credit.

73.     Defendant did not have a legitimate business need to conduct an inquiry into the credit reports of either Plaintiffs. Defendant was not legally within their right to collect upon Plaintiffs' debt that had already been discharged in bankruptcy. Defendant also had knowledge of the fact that Plaintiffs no longer had an attachment to the property attached to the loan at issue.

74.     Plaintiffs' debt had already been discharged in bankruptcy prior to the two instances that Defendant inquired into their credit information. Any relationship that may have existed between the parties ceased to exist after the Plaintiffs' bankruptcy discharged was received. Defendant also had knowledge of the discharge at the time it made the credit inquiries.

75.     Even with knowledge that a relationship with Plaintiffs no longer existed, and that the loan they sought to collect could no longer be collected upon, Defendant still inquired into Plaintiff Mr. Raciti's credit information. Defendant willfully failed to comply with § 1681b and is liable to Plaintiffs as such.

76.     Defendant acted willfully, knowingly, and in conscious disregard for Plaintiff's rights

under the FCRA.

77.     As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681(n) for punitive damages in the amount sufficient to deter Defendant from engaging in this kind of illegal practice in the future.

78.     As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681(n) for the costs of brining this action as well as reasonable attorney's fees.

WHEREFORE, Plaintiffs, on behalf of the FCRA Class, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCRA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs, and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### FIFTH CAUSE OF ACTION
**CONTEMPT**
**18 U.S.C. § 401**

79.     Plaintiffs incorporate by reference paragraphs 1 through 78 of this Complaint as if fully restated herein.

80.     Under 18 U.S.C. § 401 "a court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

81.     Further, 11 U.S.C. § 105(a) authorizes the use of a court's authority to utilize its equitable powers to enforce the Discharge Injunction, to grant monetary relief, and to enjoin acts in violation of the Discharge Injunction.

82.     Here, a valid court order existed, as Plaintiffs received a discharge notice of his debt following bankruptcy. The Defendant also had knowledge that the order existed.

83.     Although Defendant had notice that Plaintiffs no longer had attachments to the property associated with the loan they sought to collect, they continued to communicate with Plaintiff for the purpose of collecting that debt.

84.     WHEREFORE, Plaintiffs respectfully request this Court enter an order against Defendant: (1) finding that Defendant violated the Discharge Order and imposing sanctions against Defendant to punish Defendant for its violations, deter attempts to collect debts not owed, and deter future discharge injunction violations; and (2) awarding Plaintiff any and all damages as well as attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

85.     Plaintiffs incorporate by reference paragraphs 1 through 84 of this Complaint as if fully restated herein.

86.     Here, Defendant has inflicted emotional distress on Plaintiffs by continuing to harass them and using unfair means to collect a debt that it did not have a legal right to collect. Defendant had a duty as a debt collector to ensure that they were adhering to the requirements of federal law under the FDCPA as well as the orders of a Court.

87.     Defendant acted negligently and breached their duty to Plaintiffs. As a result, Plaintiffs suffered emotional distress.

88.     Here, Plaintiffs have suffered emotional distress caused by Defendant's unlawful behavior and violations of the FDCPA and FCRA. Further, Plaintiff is entitled to damages accordingly.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in Plaintiff's favor as to this Count, awarding damages, plus pre-judgment and post-judgment interest, and punitive damages, and awarding all such further relief as the Court deems necessary and proper.

### SEVENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT ACT – 28 U.S.C. § 2201 *et seq.*

89.     Plaintiffs re-allege and incorporate paragraphs 1 through 88 as if fully set forth herein.

90.     This is an action against Defendant under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

91.     Under the Declaratory Judgment Act, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201.

92.     Further, "necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  28 U.S.C. § 2202.

93.     As detailed above, Plaintiffs incurred the debt and later filed for bankruptcy protection. Defendant was made aware of Plaintiffs' bankruptcy and therefore had actual knowledge that Plaintiffs had filed bankruptcy.   Nevertheless, Defendant repeatedly communicated with Plaintiffs, attempting to collect amounts not owed.

94.     Because Plaintiffs obtained a bankruptcy discharge, Defendant has no legal right to collect any such amounts.

95.     There is an actual controversy within the jurisdiction of this Court regarding whether Defendant's conduct in sending written communications that seek to collect money on a debt that

was discharged in bankruptcy violates the discharge order in Plaintiffs' bankruptcy case, and also violates the FDCPA. Thus, Plaintiffs seeks a declaratory judgment as to Plaintiffs' rights.

96.     Plaintiffs believe that Defendant has sought and collected amounts for debts previously discharged against other individuals as well.

97.     Plaintiffs therefore seek a declaratory judgment finding that Defendant's conduct violates the FDCPA and the discharge injunction.

98.     Further, Defendant should be enjoined from collecting or seeking to collect debts previously discharged in bankruptcy.

99.     Moreover, Defendant should be required to disgorge all amounts collected from consumers who obtained discharges in bankruptcy as ill-gotten gains resulting from its illegal conduct.

WHEREFORE, Plaintiffs respectfully requests this Court enter a Declaratory Judgment in Plaintiffs' favor (1) finding that Defendant violated the Discharge Order; (2) finding that Defendant violated the FDCPA; (3) enjoining Defendant from seeking to collect amounts after a consumer obtains a bankruptcy discharge; (4) requiring Defendant to disgorge any amounts received from consumers who obtained a bankruptcy discharge and did not owe such amounts; and (5) awarding Plaintiffs any and all damages (including but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life) as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et.seq.* and the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. 1681n, respectfully requests that the Court:

1. Award statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

2. Award Plaintiffs attorneys' costs and fees pursuant to 15 U.S.C. § 1692k;

3. Provide declaratory relief finding that Defendant violated the FDCPA;

4. Award Plaintiffs statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n;

5. Award Plaintiffs attorneys' costs and fees pursuant to 15 U.S.C. § 1681n;

6. Provide declaratory relief finding that Defendant violated the FCRA;

4. Enter a judgement in favor of Plaintiff against Defendant for an amount to be determined by a jury at trial;

5. Fine Defendant for being in civil contempt of a court injunction pursuant to 11 U.S.C. § 401 plus award attorneys fees and costs.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


Dated October 11, 2018


Respectfully submitted,

<u>**s/Subhan Tariq**</u>
Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
*Attorneys for Plaintiff*
68 Jay Street, Suite 201
Brooklyn, NY 11201

To:

Rushmore Loan Management Services, LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA 92618
(via Prescribed service)

Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(for filing purposes)